## Provident Consumer Discount Co. v. Rice

*Martin Ghen*, for plaintiff.
*Doris J. Dabrowski*, for defendants.

BRADLEY, *P.J.*, October 16, 1979—Plaintiff, Provident Consumer Discount Company, demands judgment against defendants for the amount of the unpaid balance due plus attorney's fees on a judgment note made and executed by defendants on September 22, 1978. Plaintiff's complaint states that defendants defaulted in making payments on the note on December 5, 1978. Plaintiff has attached a copy of this judgment note to the complaint.

Defendants have filed preliminary objections to the complaint, stating that the attached judgment note refers to a security agreement and a disclosure statement. Defendants claim that Pa.R.C.P.

1019(h) has been violated as plaintiff has not attached copies of the security agreement and disclosure statement to the complaint. Pa.R.C.P. 1019(h) declares that:

"A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing."

Plaintiff argues that this rule does not require it to attach any additional documents as the judgment note provides the basis of the complaint and sets forth the obligations of defendants.

The judgment note reads that all unpaid installments become immediately due and payable "[on] non-payment of any installment when due, or if I (we) are in default as provided in a Note, Security Agreement *and* Disclosure Statement . . ." (Emphasis supplied.) As this note, which is admitted by plaintiff to be the basis for the complaint, refers specifically to obligations incurred by defendants in the security agreement and the disclosure statement, these documents should be attached to the complaint. Accordingly,

### ORDER

This October 16, 1979, it is hereby ordered and decreed that plaintiff's complaint is dismissed. Plaintiff is granted 20 days in which to file an amended complaint in accordance with the terms of the foregoing memorandum.